IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIERRE JULES, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 4:CV-05-0498 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| IMMIGRATION AND, | : | |
| NATURALIZATION SERVICE,[1] | : | |
| | : | |
| Respondent. | : | |

## **MEMORANDUM AND ORDER**

July 15, 2005

Petitioner, Pierre Jules ("Jules" or "Petitioner"), filed this Petition for Writ of Habeas Corpus on March 10, 2005, pursuant to 28 U.S.C. § 2241. In his Petition, Jules argues that his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE") violates his due process rights under the Constitution. For the reasons set forth below, the Petition will denied.

## **THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

---

[1] As of March 1, 2003, the Immigration and Naturalization Service ("INS") was transferred into two compartments within the new Department of Homeland Security. The two compartments are the Bureau of Immigration and Customs Enforcement and the Bureau of Citizenship and Immigration Services. ICE is responsible for the investigative and enforcement functions of the former INS.

On May 28, 1986, Jules, a native and citizen of Haiti, entered the United States as an immigrant. (Rec. Doc. 9, Ex. A, Notice to Appear). On February 16, 2000, Jules was convicted in the Court of Common Pleas for Lehigh County, Pennsylvania, for Possession with Intent to Deliver a Controlled Substance and Conspiracy to Possess with Intent to Deliver a Controlled Substance, to wit; Cocaine, in violation of 35 Pa. C.S.A. § 780-113(a)(30) and 18 Pa. C.S.A. § 903, respectively. (Rec. Doc. 9, Ex. B, Record of Convictions).

In a Notice to Appear dated March 10, 2000, Petitioner was charged with removability pursuant to §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii) and (a)(2)(B)(i), as an alien convicted of an aggravated felony as defined in § 101(a)(43) of the INA, 8 U.S.C. § 1101(a)(43) and as an alien convicted after his admission to the United States of an aggravated felony (alien who is or has been illegal trafficker of controlled substance). (Rec. Doc. 9, Exhibit A, Notice to Appear). By Order dated April 12, 2005, an Immigration Judge found petitioner removable as charged. (Rec. Doc. 9, Ex. C, Order). On April 27, 2005, Jules filed an appeal of the decision of the Immigration Judge to the Board of Immigration Appeals. (Rec. Doc. 9, Ex. D, Filing Receipt for Appeal). The appeal is currently pending.

2

**DISCUSSION:**

Jules challenges the constitutionality of 8 U.S.C. § 1226(c), which instructs the Attorney General to take into custody and detain any alien who, like Jules, is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii)(commission of an aggravated felony) while removal proceedings are pending.[2]  In <u>Demore v. Hyung Joon Kim</u>, 538 U.S. 510 (2003), the Supreme Court found that mandatory pre-order detention under § 236(c) of the INA does not violate the protections guaranteed under the Constitution.  In <u>Hyung Joon Kim</u>, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. <u>See</u> <u>id.</u> at 524-29.

As in <u>Hyung Joon Kim</u>, removal proceedings (specifically, an appeal before the BIA) against Jules are pending.  Therefore, his detention is both mandatory and

---

[2]Only if essential to aid a prosecution may the Attorney General consider the release of an alien who is in deportation proceedings premised on the alien's alleged status as having been convicted of an aggravated felony. See 8 U.S.C. § 1226(c)(2). Jules does not fit within this category of aliens.

3

constitutionally permissible. Accordingly, Jule's petition for release from custody will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

    1.    The Petition for Writ of Habeas Corpus (Rec. Doc. 1) is DENIED.

    2.    The Clerk of Court is directed to CLOSE this case.

        S/ John E. Jones III
        John E. Jones III
        United States District Judge